# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO LIRA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Respondent. | No. 2:18-CV-3074-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of mandamus.

　　　　Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to

1

enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

In this case, petitioner seeks a writ of mandamus directed to the California Department of Corrections and Rehabilitation and the Riverside County Superior Court instructing that his request for resentencing be granted. Mandamus is not appropriate because petitioner does not seek a writ directed to an employee of the United States or an agency thereof. Mandamus is also not appropriate because petitioner does not seek an order compelling the performance of a non-discretionary ministerial act.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of mandamus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 10, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE